**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

SWANSON B MILLER,

    Plaintiff,

v.                                                           CASE NO. 1:14-cv-00002-MP-CAS

CAROLYN W COLVIN,

    Defendant.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 27, 2014. (Doc. 15). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections at Doc. 16, and defendant responded at Doc. 17. I have made a de novo review based on those objections and response. Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted.

Plaintiff argues the ALJ did not properly evaluate the opinion of his treating physician, Oscar DePaz, M.D. The opinion referred to is not from the contemporaneously prepared treatment notes from plaintiff's visits to Dr. DePaz. Instead, the opinion relied on by plaintiff was generated by Dr. DePaz filling out a residual functional capacity form. The Court agrees with the Magistrate Judge that the ALJ gave specific, appropriate reasons for giving little weight to Dr. DePaz' opinion on this form.

First, the ALJ noted that the opinion was inconsistent with opinions from the other

medical sources. In particular, Dr. Powell, Plaintiff's orthopedic surgeon, opined Plaintiff could do medium work and Dr. Chodosh, who performed a consultative examination, opined Plaintiff had a normal ability to stand, walk, sit, stoop, squat, kneel, lift, and carry. These opinions undermine Dr. DePaz's opinion of disability.  Also, the ALJ was correct in noting that Dr. DePaz's opinion was inconsistent with Plaintiff's admitted level of activity that included gardening, working out and biking. Finally, the ALJ noted Dr. DePaz's own findings did not support his opinion.

Dr. DePaz's examinations showed no significant abnormalities including 5/5 motor strength in Plaintiff's arms and legs, no sensory deficits, and normal reflexes. In November 2009, Plaintiff reported his medications were working well. In December 2009, Dr. DePaz noted Plaintiff returned in stable condition and reported medications helped him with his joint pain. In June 2010, Dr. DePaz noted Plaintiff had been doing "pretty well" with his pain until about three weeks previously when he fell in the yard. In January 2011, Dr. DePaz reported Plaintiff had "good control" of the numbness and tingling in his legs with medication but he felt drowsy In May 2011, Dr. DePaz noted Plaintiff did side jobs to make some money. Because Dr. DePaz's opinion was inconsistent with the other record as a whole and not supported by his own findings, the ALJ reasonably gave his opinion little weight.

Second, plaintiff claims that the ALJ's "credibility finding in this case is meaningless boilerplate masquerading as analysis." He relies upon the same language that courts have criticized in earlier cases:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably he expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity

*Case No: 1:14-cv-00002-MP-CAS*

assessment.

However, unlike those earlier cases, this sentence was followed up with specific analysis, including (1) that the medical evidence regarding his back showed only mild to moderate degenerative changes; (2) the plaintiff complained during the hearing of symptoms from his medications that he never told his doctors at the time; (3) claimant did not seek treatment for his symptoms despite being on Medicaid; (4) claimants description of his daily activities -- including gardening, biking and working out -- is not consistent with his allegations of pain; (5) Dr. Greenberg expressly opined that claimant exaggerated his conditions; (6) his vocational goal of being a barber or cosmetician was not consistent with his alleged medical conditions; and (7) claimant collected unemployment for over a year, for which he must allege that he is ready, willing and able to work.  All of these facts constitute substantial evidence supporting the ALJ's credibility finding.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The decision of the Commissioner, denying benefits, is affirmed.

**DONE AND ORDERED** this   *26th* day of March, 2015

            *s/Maurice M. Paul*
            Maurice M. Paul, Senior District Judge